

# The Attorney General of Texas

December 29, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Richard D. Latham
Securities Commissioner
State Securities Board
709 Lyndon Baines Johnson Building
Austin, Texas 78711

Opinion No. H- 1321

Re: Whether an amendment of a limited partnership certificate requires unanimous approval of all partners.

Dear Commissioner Latham:

Attorney General Opinion H-1229 (1978) indicates that the Texas Limited Partnership Act requires that partners in a limited partnership be unanimous in certain actions such as amending the partnership certificate. You ask if a unanimous vote of all members is required or if all members must merely sign any amendment to a certificate. Your question and our response are directed to the North American Securities Administrators Association voting rights discussed in Attorney General Opinion H-1229 (1978).

The relevant language in Attorney General Opinion H-1229 was based on section 26 of article 6132a, V.T.C.S., the Texas Uniform Limited Partnership Act. Section 26 provides in part:

Sec. 26. (a) The writing to amend a certificate shall: (1) Conform to the requirements of Section 3(a)(1) as far as necessary to set forth clearly the change in the certificate which it is desired to make, and
(2) Be signed and sworn to by all members, and an amendment substituting a limited partner or adding a limited or general partner shall be signed also by the member to be substituted or added, and when a limited partner is to be substituted, the amendment shall also be signed by the assigning limited partner.
(b) The writing to cancel a certificate shall be signed by all members.
(c) A person desiring the cancellation or amendment of a certificate, if any person designated in paragraphs (a) and (b) as a person who

must execute the writing refuses to do so, may petition the district court of the judicial district wherein he resides, to direct a cancellation or amendment thereof.

(d) If the court finds that the petitioner has a right to have the writing executed by a person who refuses to do so it shall order the Secretary of State to record the cancellation or amendment of the certificate; and where the certificate is to be amended, the court shall also cause to be filed for record in said office a certified copy of its decree setting forth the amendment.

This statute clearly requires that any amendment of the certificate be signed and sworn to by all members. A limited partner often signs through his attorney in fact. Sec. 33. The Act does not, however, require that all members agree to any particular amendment of the partnership certificate. The Act provides that certain types of certificate amendments require unanimous action. See e.g. sections 10(a)(5), 10(a)(6), 10(A)(7). Other provisions of the Act specifically require cancellation or amendment when certain non-unanimous action is taken. See e.g. sections 3(a)(1)(J); 20(d) and 25(b)(2); 3(a)(1)(K); 10(a)(6) and 25(b)(3); 3(a)(1)(M); 10(a)(7); 21(a) and 25(b)(5). Additionally, the Limited Partnership Act contemplates that amendment or cancellation of the certificate may be undertaken even though a member refuses to sign the amendment. Section 26(c) provides a means by which an individual may obtain a court order requiring an amendment or cancellation to be filed even though one or more partners refuse to sign.

Thus, while all members of a limited partnership are required to sign any writing which would amend or cancel the certificate, a unanimous vote is not necessarily required to take such action.

## S U M M A R Y

The amendment or cancellation of a limited partnership certificate does not necessarily require a unanimous vote.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn